[No. 6151.]

## HUMBERT v. MASON.

1.  **Demand—Where Necessary**—One who having received money to be applied to the uses of the depositor for a particular purpose, converts it to his own use, is liable to an action without any demand.—(431)

2.  **Interest—Money Wrongfully Converted**—Interest may be allowed from the time of the conversion.—(432)

*Appeal from Denver District Court*—Hon. PETER L. PALMER, Judge.

Mr. JOHN F. MAIL, for appellant.

Messrs. ALLEN & WEBSTER, for appellee.

*Per Curiam,* Department No. 2.

The trial in the county court resulted in a money judgment against the defendant, but against the plaintiff in her demand for an execution against the body of the defendant. The plaintiff appealed to the district court. In the district court the jury, by its verdict, found that the defendant, in committing the tort complained of, was guilty of fraud. The defendant has appealed to this court, and has argued but few of his assignments of error.

It is first contended that the complaint does not state a cause of action, in that no demand is alleged. The complaint contains three causes of action, and charges in the first one: "That on or about to wit: the 14th day of January, 1904, the plaintiff herein did deliver and endorse to defendant herein, for the purpose of paying such of her bills of expense as might arise during the illness of her husband, a certain draft for the sum of $250.00, with the direct understanding that the defendant would apply the same, or so much thereof as was necessary, in payment of such bills, and deposit the balance or remainder, if any there was, in some bank to the account of this plaintiff, which the defendant undertook to do.

"That the defendant, wholly regardless of his agreement and the trust reposed in him, took said draft and obtained thereon the sum of $250.00, and, with the intent to defraud this plaintiff, wilfully, and maliciously converted the same to his own use and dissipated the proceeds thereof, to the damage of the plaintiff in the sum of $250.00."

The other causes of action are stated substantially in the language of the first, and are based upon the alleged conversion of money at other times. It was not necessary to allege a demand. The allegation that the defendant obtained $250.00 on the draft, with the intent to defraud the plaintiff willfully and maliciously, converted to his own use the proceeds thereof, is a sufficient allegation.

The plaintiff was permitted to testify over the objection of the defendant that the defendant was indebted to her husband in about the sum of $24,000.00. It is claimed that the reception of this testimony was greatly prejudicial to the defendant, and tended to inflame the minds of the jury. There is no denial by the defendant of the conversion of the money. His testimony is not set out in the abstract, and we cannot say that the testimony received was prejudicial.

It is contended that the court erred in refusing to instruct the jury "that before you can find for the plaintiff in this case you must find that at the time the drafts in question were delivered to the defendant by the plaintiff they were her property and represented her money."

All the drafts were payable to the plaintiff. They were in turn indorsed by the plaintiff and delivered to the defendant, and she was shown to have had such an interest in the money as to entitle her to maintain the action.

The allowance of interest is objected to by de-

fendant, and the objection is, that the interest should not be allowed until after conversion, and as there was no demand, there was no conversion. It was shown that the defendant converted the money within a day or two after he cashed the drafts, and as no other question is raised concerning the interest, we assume that it was correctly computed and allowed.

Perceiving no error in the record, the judgment is affirmed.                              *Affirmed.*